IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARSHAWN WITHERSPOON,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Case No. 10-2694-EFM
                                 )
WYANDOTTE COUNTY, *et al.*       )
                                 )
            Defendants.          )

## REPORT AND RECOMMENDATION

Pro se plaintiff Darshawn Witherspoon has filed this civil rights action against Wyandotte County, Kansas, and two individuals whom, it appears, he alleges are employed by Wyandotte County. On the form complaint where he was instructed to give "a short and plain statement of the claim showing that [he] is entitled to relief," plaintiff states, "Wyandotte County has a continual conflict of interest; which causes several civil injustices" (doc. 1). In the one-paragraph attachment to his complaint, plaintiff alleges that in "07" he was "tazed by Wyandotte Authorities" while he was in restraints. Plaintiff also alleges that his state court cases were "illegally prolonged," "perjuried," and the subject of clerical error.

Plaintiff has filed at least nine other cases in this district. It appears that the allegation that he was tazed was presented in Case Nos. 10-3092-SAC and 08-2102-KHV. Both cases were dismissed after plaintiff failed to respond to orders to show cause. In Case No. 10-3092-SAC, Judge Crow informed plaintiff that his tazer claim was subject to the two-year

1

limitation period that governs actions filed in Kansas under 42 U.S.C. § 1983.[1] Neither in that case, nor in his complaint in the instant case, has plaintiff explained why his tazer claim is not time barred.

It appears that plaintiff's allegations regarding his state court cases were also raised in Case No. 10-3092-SAC. Judge Crow ordered plaintiff to show cause why a claim arising from those allegations should not be dismissed, ruling, "The federal courts do not enjoy supervisory jurisdiction over the state courts and do not have the authority to direct the state courts, or the officers thereof, in the exercise of their duties."[2] Plaintiff did not clarify his claims arising from the handling of his state court cases, either in Case No. 10-3092-SAC or in his instant complaint.

A complaint is subject to dismissal for failure to state a claim where it fails to present sufficient factual information to state a claim for relief that is plausible on its face.[3] Because plaintiff has included no factual information that supports his claims, the undersigned recommends that United States District Judge Eric F. Melgren dismiss this case for failure

---

[1] *See* Case No. 10-3092-SAC, doc. 3 (citing *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir. 1993)).

[2] *Id.* (citing *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986)).

[3] *Robinson v. Farmers Servs. L.L.C.*, No. 10-2244, 2010 WL 4067180, at *2 (D. Kan. 2010); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

to state a claim[4] unless plaintiff shows cause by **January 14, 2011**, why this case should not be dismissed.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

A copy of this report and recommendation shall be sent to plaintiff by certified mail.

Dated December 27, 2010, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[4] 28 U.S.C. § 1915(e)(2)(B)(ii) states that a court shall dismiss a proceeding in forma pauperis if at any time the court determines that the action fails to state a claim. Plaintiff has not paid the filing fee in this action. His motion to proceed in forma pauperis is pending (doc. 3).